UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STEPHEN J. CANNON,            ) | |
| ) | |
| Plaintiff,         ) | |
| ) | CIVIL ACTION NO. |
| VS.                                                ) | |
| ) | 3:07-CV-1288-G |
| DYNCORP INTERNATIONAL LLC,   ) | |
| ) | **ECF** |
| Defendant.         ) | |

### MEMORANDUM OPINION AND ORDER

This case alleges diversity of citizenship as the basis for subject matter jurisdiction. Plaintiff's Original Complaint ¶ 1. The plaintiff is alleged to be a citizen of Texas. *Id*. ¶ 3. The defendant is alleged to be "a limited liability company organized and existing under the laws of the State of Delaware." *Id*. ¶ 4. Generally, the citizenship of artificial entities other than corporations is determined by the citizenship of their members. See *Carden v. Arkoma Associates*, 494 U.S. 185 (1990). This rule applies to limited liability companies such as the defendant. *E.g.*, *Wise v. Wachovia Securities, LLC*, 450 F.3d 265, 267 (7th Cir.), *cert. denied*, __ U.S. __, 127 S. Ct. 582 (2006); *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th

Cir. 2006); *Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54-55 (1st Cir. 2006). Accordingly, without knowing the citizenship of the members/owners of the defendant limited liability company, the court cannot determine the citizenship of the defendant and thus whether there is complete diversity of citizenship between the parties.

Within ten days of this date, the plaintiff shall electronically file and serve an amended complaint alleging the names and citizenship of all the defendant's members (owners). Failure to timely file and serve such an amended complaint will result in dismissal of this case, without further notice, for lack of subject matter jurisdiction.

**SO ORDERED**.

July 24, 2007.

_____
A. JOE FISH
CHIEF JUDGE